**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KAROLINA UGRENYUK, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**MARCO RUBIO,**<br>*in his official capacity as Secretary of State*, **et al.,**<br><br>**Defendants.** | **Case No. 26-cv-03181 (APM)** |

## MEMORANDUM OPINION

Pro se Plaintiffs Karolina Ugrenyuk and Vincent Knight are diversity visas selectees for the 2026 fiscal year. Compl., ECF No. 1, at 2. They request an emergency order compelling Defendants to act on their visa applications before the statutory deadline of September 30, 2026, after the State Department scheduled but then cancelled their interviews. *See* Pls.' Emergency Mot. for a Temp. Restraining Order and Prelim. Inj., ECF No. 2, at 2. Plaintiffs have now received their interviews but, because their applications remain in administrative processing, they still seek to compel their final adjudication. *See* Pls.' Notice, ECF No. 10, at 1–3.

On September 17, 2026, the court issued an order to show cause why this case should not be dismissed because Plaintiffs are members of the certified class in *Medani v. Trump*, 26-cv-6332 (EJD) (N.D. Cal.), and under the first-to-file rule. Minute Order, Sept. 17, 2026. In *Medani*, the court granted class-wide relief to 2026 diversity visa selectees who, like Plaintiffs, were subject to an unlawful pause in the processing of their applications. *See Medani v. Trump*, 26-cv-6332 (EJD), 2026 WL 2547287, at *13 (N.D. Cal. Aug. 28, 2026). Plaintiffs acknowledge that they are members of a certified subclass in *Medani*, Compl. ¶ 28, yet insist that equitable considerations

counsel against applying the first-to-file rule, *see* Pls.' Resp. to Order to Show Cause, ECF No. 9 [hereinafter Pls.' Resp.], at 2 ¶ 4; *see UtahAmerican Energy, Inc. v. Dep't of Lab.*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) ("The usual rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first," unless "equitable considerations . . . weigh against applying it in particular cases.") (internal quotation marks omitted). The court is unpersuaded.

Plaintiffs assert that, as mere class members in *Medani*, they have "no ability to seek relief tailored to their individual circumstances" and thus cannot secure the emergency relief they seek here through that action. Pls.' Resp. at 2 ¶ 5. But as another judge in this District recently explained in a nearly identical case, "that aggravates rather than cures the comity problem." *Gadasi v. Rubio*, No. 26-cv-2549 (CRC), 2026 WL 2754355, at *4 (D.D.C. Sept. 17, 2026). "A district court abuses its discretion when it grants equitable relief that expands or supplants relief already being administered in a class action involving the same parties and issues." *Id.* Further, "Rule 23(b)(2)," under which the *Medani* class was certified, "exists so that parties and courts . . . can avoid piecemeal litigation when common claims arise from systemic harms that demand injunctive relief." *D.L. v. District of Columbia*, 860 F.3d 713, 726 (D.C. Cir. 2017). If the court were to grant the relief Plaintiffs seek—compelling final adjudication of their applications—it would move them ahead of other *Medani* class members. Such an outcome is at odds with the purpose of class-wide relief.

The court very much sympathizes with Plaintiffs' plight. Indeed, this court granted comparable class-wide relief when the State Department arbitrarily and capriciously halted the processing and adjudication of 2020 and 2021 diversity selectees' applications. *See Gomez v.*

*Trump*, 485 F. Supp. 3d 145, 204–205 (D.D.C. 2020); *Filazapovich v. Dep't of State*, 560 F. Supp. 3d 203, 245–246 (D.D.C. 2021), *rev'd and remanded sub nom. Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024). But binding legal principles prevent the court from granting the individualized relief sought here. Accordingly, the court denies Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 2, as well as Plaintiffs' Renewed Motion for Expedited Relief, ECF No. 11, and *sua sponte* dismisses this action without prejudice.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: September 22, 2026

Amit P. Mehta
United States District Judge